# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**POCA COMMUNITY VOLUNTEER FIRE DEPARTMENT,**
**Employer Below, Petitioner**

**FILED**

July 9, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0402** (BOR Appeal No. 2053683)
         (Claim No. 2017011116)

**DANIEL WEST,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Poca Community Volunteer Fire Department, by Counsel Daniel G. Murdock, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Daniel West, by Counsel Patrick K. Maroney, filed a timely response.

The issues on appeal are additional compensable conditions and medical benefits. The claims administrator denied a request to add insomnia, a mental disorder due to a known psychological condition, and unspecified neuralgia and neuritis to the claim on July 26, 2017. In three separate decisions dated October 9, 2017, the claims administrator authorized surgery to remove orthopedic hardware from the left ankle and denied the addition of left knee ankle pain, right knee contusion, right wrist sprain, and lumbar disc herniation with radiculopathy and lumbago with right-sided sciatica to the claim. In its October 31, 2018, Order, the Office of Judges modified the July 26, 2017, claims administrator's decision to add insomnia to the claim and affirmed the remainder of the decision. The Office of Judges also modified the October 9, 2017, claims administrator's decisions and added left ankle pain, right knee contusion, right wrist sprain, L4-5 lumbar disc herniation with radiculopathy, and lumbago with right-sided sciatica to the claim. The Order was affirmed by the Board of Review on March 22, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. West, a volunteer firefighter was injured in the course of his employment on August 15, 2016, when he was using a chainsaw to cut down a tree to gain access to a fire and was struck by a large limb. The Employees' and Physicians' Report of Injury indicates Mr. West sustained the following injuries: L5-L6 fracture, three broken right ribs, a pelvic fracture, a fibular fracture and a left ankle fracture. The physician's section was completed at Charleston Area Medical Center and listed the diagnoses as ankle dislocation, rib fractures and a left fibula fracture.

Treatment notes from Charleston Area Medical Center indicate Mr. West was admitted to the hospital. On August 16, 2016, Justin Olsen, D.D.S., diagnosed displaced anterior nasal spine fracture, but opined that surgery was unnecessary. On August 26, 2016, Janet Jenkins, M.D., diagnosed a mild concussion and noted that Mr. West was doing well cognitively. It was also noted that Mr. West also had a shoulder injury with a fractured scapula, an anterior maxillary spine fracture, transverse process fractures from L2-L5, a pubic fracture, and a left ankle fracture. On August 15, 2016, Mr. West underwent an abdominal CT scan which showed a small right pneumothorax. A pelvic CT scan showed fractures of the transverse process on the right from L3-L5. Mr. West was released from the hospital on September 9, 2016.

On October 15, 2016, Mr. West underwent a right shoulder MRI which showed widening of the acromioclavicular joint, partial-thickness tear of the supraspinatus tendon, and tear of the labrum. Mr. West was treated by John Jasko, M.D., on November 4, 2016. Dr. Jasko noted that x-rays taken of the right shoulder showed a distal clavicle injury causing some stenosis in the acromioclavicular joint. Dr. Jasko noted that the MRI showed "a lot of edema at the distal clavicle, heterotopic bone formation and partial-thickness tear of the supraspinatus." He diagnosed traumatic right shoulder injury with acromioclavicular damage and a clavicle fracture, likely causing impingement. Dr. Jasko recommended surgery for labral repair and biceps tenodesis.

In a November 15, 2016, treatment note, Dr. Jenkins found that Mr. West had seen some improvement. She diagnosed status post multiple trauma, labral tear of the right shoulder, spinous process fractures, pubic symphysis diastasis with left superior pubic ramus fracture, concussion, and impaired functioning. On January 3, 2017, Mr. West saw Dr. Jasko for work-related injuries to his right knee and wrist. He diagnosed sprains and contusions of the knee and wrist and recommended physical therapy for both. It was noted that Mr. West was recovering well from his right shoulder surgery.

A lumbar MRI was performed on January 11, 2017, which showed a right-sided disc protrusion at L4-5 with stenosis. Mr. West returned to Dr. Jasko on February 14, 2017, where he reported that his right wrist and knee were improving with physical therapy. On February 23, 2017, Dr. Jenkins noted in a treatment note that Mr. West reported he was still having a lot of pain in his left ankle/leg. He reported that the pain caused irritability and insomnia. Dr. Jenkins diagnosed status post-trauma with multiple injuries, irritability, and neuropathic pain. She recommended he continue physical therapy.

In a May 23, 2017, treatment note, Dr. Jasko indicated Mr. West was seen for hip pain, meniscus tear, right knee pain, hip stiffness, abnormal gait, and status-post right shoulder surgery. Dr. Jasko noted that the shoulder had improved but Mr. West still had pain and weakness. The right knee was tender but stable. Right hip range of motion was limited, and an x-ray showed

possible impingement syndrome. Dr. Jasko opined that the Mr. West's right leg problem was related to his pelvic injury and hip stiffness.

On June 7, 2017, Mr. West sought treatment from Jan Muizelaar, M.D., a neurosurgeon, for neck and low back pain with radiation into the arms and legs. Dr. Muizelaar, noted that Mr. West's lumbar MRI was abnormal. She also noted some long-term and short-term memory loss. Dr. Muizelaar stated that Mr. West may need a laminectomy and discectomy at L4-L5.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on June 14, 2017, in which he noted that the compensable injury caused a fracture of the distal fibula/medial malleolus (which required surgery); a right shoulder injury (which required surgery for a labral tear and a supraspinatus tear); a pelvic fracture consisting of diastasis of the symphysis pubis and right sacroiliac joint fracture (for which the claimant underwent surgery), fractures of the transverse process of L3 through L5; non-displaced right rib fractures; and a maxillary spine/nasal fracture. Dr. Mukkamala also noted that Mr. West was diagnosed with the herniated lumbar disc. After examination, Dr. Mukkamala opined that Mr. West was capable of working at the light functional capacity level with restrictions. Dr. Mukkamala stated that all the injuries he listed were related to the compensable injury, with the exception of the lumbar disc herniation. He opined that Mr. West's back pain, right leg pain, and L4-5 disc herniation were not the result of the compensable injury. Dr. Mukkamala also opined that the right knee symptoms were not caused by the compensable injury because the medical records after the compensable injury did not document right knee complaints and that a right knee evaluation was normal. Lastly Dr. Mukkamala stated that Mr. West did not need surgery to remove hardware from the left ankle. Dr. Mukkamala found Mr. West to be at maximum medical improvement and assessed 10% impairment for the pelvic fracture, 8% impairment for transverse process fractures, 4% impairment for the left ankle fracture, and 3% impairment for the right shoulder injury for a total of 22% whole person impairment.

Mr. West returned to Dr. Jasko on June 21, 2017, for continued had right knee pain. Dr. Jasko opined that he did not know if Mr. West would regain full right knee range of motion. Dr. Jasko wrote that the right shoulder was doing well. He also noted that Mr. West was not working, but was to return in a month, at which point Dr. Jasko would consider releasing him from care.

A July 5, 2017, treatment note by Dr. Muizelaar indicates Mr. West reported low back pain, numbness, and tingling which radiates down the right leg to the foot. The diagnoses were listed as abnormal gait, acromioclavicular joint derangement, back injury, hip pain, right hip stiffness, meniscus tear, neck pain, bilateral lower extremity pain, bilateral upper extremity pain, patellofemoral joint pain, right knee pain/sprain, right wrist pain, right shoulder pain, and status post labral repair of the right shoulder. Dr. Muizelaar also diagnosed a large herniated disc at L4-L5 and noted that Mr. West was ready to proceed with lumbar surgery.

On July 11, 2017, Dr. Marra treated Mr. West for increased left ankle pain. An x-ray of the left ankle revealed a broken screw. Dr. Marra recommended surgery to remove the hardware implanted in ankle but was unable to guarantee that hardware removal would completely relieve Mr. West's left ankle symptoms. He completed a diagnosis update requesting that left ankle pain and retained orthopedic hardware be added to the claim.

On July 13, 2017, Dr. Jenkins completed a diagnosis update in which she reqeusted the addition of a mental disorder due to a known physiological condition, unspecified neuralgia/neuritis, and insomnia to the claim. The claims administrator denied a request to add insomnia, a mental disorder due to a known psychological condition, and unspecified neuralgia and neuritis to the claim on July 26, 2017. In a July 26, 2017, diagnosis update, Dr. Jasko requested that right shoulder labral tear, right shoulder acromioclavicular joint injury, right knee contusion, and right wrist sprain be added to the claim. Dr. Muizelaar completed a diagnosis update on August 2, 2017, and requested that herniated lumbar disc with radiculopathy and lower back pain with right-side sciatica be added to the claim.

In an August 11, 2017, supplemental report, Dr. Mukkamala indicated that he reviewed Dr. Marra's request for surgery to remove hardware from Mr. West's left ankle and recommended the surgery be approved. The claims administrator authorized surgery to remove orthopedic hardware from he left ankle and denied the request to add left knee/ankle pain as a compensable condition on October 9, 2017. In a separate decision that day, the claims administrator also denied a request to add right knee contusion and right wrist sprain to the claim. In a third dated October 9, 2017, the claims administrator denied a request to add lumbar disc herniation with radiculopathy and lumbago with right-sided sciatica to the claim.

Mr. West testified in a November 16, 2017, deposition that he was injured while removing a tree with a chainsaw in order to gain access to a fire, when he was struck by a limb that was ten feet long and weighed 2,000 pounds. Mr. West testified that he had no prior pelvis, low back, left ankle, right knee or right shoulder problems. He stated that prior to the injury he was very active. He also indicated he was able to perform all of his duties as a volunteer firefighter prior to the compensable injury. Mr. West testified that he now has difficulty using his right arm overhead or away from his body. He also stated that he has low back pain that radiates into his legs. Mr. West reported that he developed left foot numbness after the left ankle hardware removal surgery. He also stated that he noticed right knee problems when he began aquatic therapy. Mr. West testified that he was still in psychical therapy for the right knee and the left ankle and still had left ankle symptoms. He also reported insomnia due to pain. Finally, Mr. West testified that he has daily memory problems and headaches.

Syam Stoll, M.D., performed an independent medical evaluation on March 1, 2018, in which he noted that Mr. West reported pain in his lower back, right shoulder, left ankle, and right ring and middle fingers. Dr. Stoll diagnosed a left bimalleolar ankle fracture with dislocation (requiring surgery); a left proximal fibula fracture (requiring surgery); a pelvic ring injury (requiring surgery); right sacroiliac joint diastasis (requiring surgery); multiple right sided rib fractures; multiple transverse process fractures from L3-L5; a strained right shoulder (requiring surgery); a right scapular fracture and concussion with loss of consciousness. Dr. Stoll opined that the lumbar herniated disc was not related to the compensable injury. He also opined that Mr. West sustained a separate intervening twisting injury. He stated that Dr. Marra and Mr. West's physical therapist both noted the injury.

In its October 31, 2018, Order, the Office of Judges modified the July 26, 2017, claims administrator's decision to add insomnia to the claim and affirmed the remainder of the decision. The Office of Judges also modified the October 9, 2017, claims administrator's decisions and added left ankle pain, right knee contusion, right wrist sprain, L4-5 lumbar disc herniation with radiculopathy, and lumbago with right-sided sciatica to the claim.

The Office of Judges found that mental disorder due to a known psychological condition should not be added to the claim. Dr. Jenkins requested the addition of the condition to the claim, but the Office of Judges determined that Dr. Jenkins is not a psychologist or psychiatrist. The Office of Judges further found that the requested condition, mental disorder due to a known psychological condition, is too broad of a diagnosis. Mr. West failed to submit any psychiatric or psychological treatment notes, and the Office of Judges concluded that the condition should not be added to the claim.

Regarding unspecified neuralgia and neuritis, the Office of Judges determined that the conditions should not be added to the claim. Dr. Jenkins stated in her treatment notes that Mr. West has neuropathic pain; however, she fails to specify where the pain is located. The Office of Judges found the conditions of unspecified neuralgia and neuritis to be too broad of diagnoses. Regarding insomnia, the Office of Judges found that both Drs. Jenkins and Jasko stated in their treatment notes that Mr. West has difficulty sleeping due to pain. Mr. West also testified in a deposition that he has trouble sleeping due to pain. The Office of Judges concluded that the condition should be added to the claim.

The Office of Judges determined that the claims administrator denied the addition of left ankle pain to the claim because the claim was already compensable for a left ankle injury and addition of left ankle pain to the claim would be redundant. The Office of Judges concluded, however, that left ankle pain is a recognized diagnosis code and a preponderance of the evidence shows that Mr. West's left ankle pain is a result of the compensable injury. Therefore, the Office of Judges added left ankle pain to the claim. Regarding the right wrist, the Office of Judges found that Mr. West first reported right wrist pain while learning to transfer his body from a wheelchair using his arms. He testified that he had no prior symptoms in the right wrist. The Office of Judges concluded that the records indicate he injured his right wrist either as a result of the compensable injury or as a result of his recovery. Either way, the Office of Judges reasoned that the condition resulted from the compensable injury and held it compensable.

Regarding the lumbar disc herniation with radiculopathy, the Office of Judges concluded that the condition resulted from the compensable injury. It found that Dr. Muizelaar opined in his treatment notes that Mr. West's lumbar disc herniation was the result of the compensable injury. The Office of Judges noted that he had no lumbar injuries or symptoms prior to the compensable injury. The Office of Judges further noted that the compensable injury resulted in several fractures to Mr. West's spine, and his lumbar symptoms developed once he was cleared for weight bearing. The Office of Judges found Dr. Muizelaar's opinion to be reliable and supported by the evidentiary record. Finally, the Office of Judges concluded that lumbago with right-sided sciatica should be added to the claim. It reiterated that Mr. West suffered breaks in his lower spine and that his lumbar spine pain is the result of the compensable injury. The Office of Judges concluded that it is

5

reasonable to assume that lumbar fractures caused lumbar spine pain and sciatica, as opined by Dr. Muizelaar. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 22, 2019.

After review, we find that the decision of the Board of Review is, in part, the result of erroneous conclusions of law. The evidence shows that Mr. West suffered a severe injury in the course of his employment. As a result of pain, Mr. West suffers from insomnia. The evidence also shows that Mr. West developed a right knee contusion, a right wrist sprain, a lumbar disc herniation, radiculopathy, and right-sided sciatica as a result of his compensable injury. However, while Mr. West may suffer from lumbago and left ankle pain, pain is a symptom, not a diagnosis. This Court has repeatedly held that symptoms, while they may be related to a compensable injury, are not diagnoses and therefore cannot be added to a claim.[1] Therefore, left ankle pain and lumbago should not be added to the claim.

For the foregoing reasons, we find that the decision of the Board of Review is, in part, clearly the result of erroneous conclusions of law. Therefore, the decision of the Board of Review is reversed insofar as it added lumbago and left ankle pain to the claim. The remainder of the decision is affirmed.

Affirmed, in part, and Reversed and Remanded, in part.

**ISSUED: July 9, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

Justice Margaret L. Workman, not participating

---

[1]*See Harpold v. City of Charleston*, No. 18-0730, 2019 WL 1850196 at *3 (W. Va. April 25, 2019) (memorandum decision) (holding that left knee pain is a symptom, not a diagnosis, and therefore cannot be added to a claim), *Radford v. Panther Creek Mining, LLC,* No. 18-0806, 2019 WL 4415245 at *3 (W. Va. Sep. 13, 2019) (memorandum decision) (holding that neck and shoulder pain cannot be added to a claim as they are symptoms, not diagnoses).